SAMUEL SHAPIRO, Appellant, v. PAUL DORFELD, Appellant, and RALPH LIPTON et al., Respondents.— Appeal from an order of the Special Term, Sullivan County, entered November 17, 1952, allowing the defendant-respondent Oppenheim to deposit in court the sum of $1,000 held by him in escrow, and directing that the defendants-respondents thereupon be discharged from further liability. On December 17, 1950, the defendant-appellant Dorfeld entered into a contract with the defendant-respondent Lipton to sell to him a bungalow colony located near Monticello, New York. The contract of sale recited that the seller had advised the purchaser that no plan for sewage disposal had been filed with the New York State Department of Health and that, while the Health Department had not charged that there was any violation in connection with the water and sewer system, it was recognized that the failure to file a plan was itself a violation. It was therefore agreed that the seller would deposit the sum of $1,000 with the defendant-respondent Oppenheim, the seller's attorney, in escrow to be held for a period of two years as security against the possibility of a claim for violation, the said sum to be applied to the cost of remedying any violation. Subsequently, the defendant-respondent Lipton resold the premises to the plaintiff-appellant Shapiro on June 11, 1951. In the contract of sale, the provisions with respect to the escrow deposit were quoted in full from the earlier agrement and the liability of the seller Lipton to the purchaser "by reason of such water and sewage condition is expressly limited to assign [*sic*] to the purchaser herein, all the rights of the seller" under the earlier agreement. On August 15, 1952, the plaintiff-appellant notified the defendants that violations had been reported by the New York State Health Department and he demanded that the escrow deposit be paid over to him to be applied to the cost of complying with the requirements of the Health Department, which he claimed would exceed $1,000. Upon being advised of this notice, the defendant-appellant Dorfeld demanded that the escrow deposit be returned to him. He claimed that the premises had been substantially altered and that the

finding of a violation was due to the alterations and that therefore the violation was "not within the purview of the deposit agreement." An action was thereafter brought by the plaintiff-appellant, as alleged assignee of the defendant-respondent Lipton, to recover the escrow deposit. The defendant-appellant Dorfeld interposed an answer in which he claimed the deposit. Thereupon, the defendant-respondent Oppenheim moved for an order granting him leave to deposit the sum of $1,000 in court to the credit of the action and discharging the defendants Oppenheim and Lipton from further liability upon making such deposit. During the pendency of the motion, the plaintiff-appellant served an amended complaint seeking a recovery of a personal judgment against the defendant-respondent Lipton in the amount of $1,000 in the event that the court should authorize the return of the escrow deposit to Dorfeld either on the ground that the escrow agreement was ineffective or invalid or on the ground that it did not enure to the benefit of the plaintiff-appellant. In this situation, the Special Term correctly granted so much of the motion as sought an order allowing the defendant-respondent Oppenheim to deposit the sum of $1,000 in court and discharging him from personal liability, but the court erred in discharging the defendant-respondent Lipton from further personal liability since, under the allegations of the amended complaint, Lipton might possibly be held personally liable to the plaintiff in the event that Dorfeld should succeed in recovering the deposit. Order appealed from is accordingly modified, on the law and facts, by striking out the provision thereof discharging the defendant Lipton from further liability to the other parties to the action, and, as so modified, the order is affirmed, without costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.